# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY MILIAN, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 1:16-cv-01282-SEB-MJD |
| WENDY KNIGHT Superintendent, | ) ) ) | |
| Respondent. | ) | |

**Entry Discussing Need for Evidentiary Hearing or Vacation of Disciplinary Sanctions**

The petition of Anthony Milian for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 16-01-0085. Mr. Milian set forth four bases for relief in his habeas petition, one of which is discussed in this Entry – namely, that he was denied the right to present evidence to an impartial decision maker.

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On January 12, 2016, Investigator J. Poer wrote a Report of Conduct in case CIC 16-

01-0085 charging Mr. Milian with use of a cellular device. The Conduct Report states:

> On 10/19/15 a cellular telephone was recovered during a search of an offender in C Unit. I, Investigator J. Poer, requested a subpoena for a Call Detail Records for the confiscated cellphone. The Call Detail Records contained a listing of all calls made to and from the confiscated cellphone between 7/29/15 and 10/19/15. I compared the numbers from the confiscated cellphone to the inmate GTL Phone System. Phone number 847-505-4259 was called on 8/2/15 from the confiscated cellphone. This number is on the GTL Phone System as being called by Offender Anthony Milian 170293 24A-C4. The Offender who was in possession of the cellphone has never called phone number 847-505-4259. It is common knowledge that offenders who have access to a cellphone allow multiple offenders to use the phone in return for payment. I have concluded through my investigation that Offender Milian is in violation of A121 "Use of a Cellular Telephone."

[Dkt. 11-1].

On January 14, 2016, Mr. Milian was notified of the charge and was given a copy of the Conduct Report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate but, according to the Screening Report, did not request a witness. He also did not request any physical evidence. [Dkt. 11-2].

The Hearing Officer conducted a disciplinary hearing in case CIC 16-01-0085 on March 27, 2016. At the hearing Mr. Milian provided the following statement:

I was denied evidence at screening. I never used this cell phone. The alleged phone number is not connected to me on the alleged date of conduct report. [Dkt. 11-4].

The Hearing Officer found Mr. Milian guilty of the charge of use of a cell phone. In making this determination, the Hearing Officer considered the staff reports and the physical evidence. [Dkt. 11-4]. Based on the Hearing Officer's recommendations the following sanctions were imposed: forty-five (45) days of lost commissary and phone; 90 days disciplinary segregation; 90 days of credit time deprivation; and a demotion from credit class 1 to credit class 2. The Hearing Officer recommended the sanctions because of the seriousness of the offense, the frequency and nature of the offense, the degree to which the violation disrupted and endangered the security of

the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Dkt. 11-4].

Mr. Milian appealed to the Warden arguing that there was no witness statement from the inmate found in possession of the cellular telephone and as such he was unable to call this individual as a potential exculpatory witness. He also argued the evidence was insufficient to support a guilty finding because he was denied potential exculpatory evidence in that he was never shown the evidence the Hearing Officer relied on in finding Mr. Milian guilty, i.e. the subpoenaed cellular records showing the numbers called on the confiscated cellular phone. Mr. Milian argued that the number found in the cellular records that was also on his telephone list was not in fact on his telephone list during the time period it was called from the cellular phone. [Dkt. 11-5].

The Warden denied the appeal without addressing Mr. Milian's contentions. [Dkt. 11-6]. His appeal to the final reviewing authority was also denied. [Dkt. 11-7].

## C. Analysis

In the petition, Mr. Milian reiterated the contentions from his administrative appeals. Once more he claims he was denied due process because he was not allowed to call the potentially exculpatory witness that was found in possession of the cellular phone and he was denied exculpatory evidence when he was not permitted to review the subpoenaed telephone records to show the number found on the phone was not on his telephone call list when it was called from the confiscated cellular phone.[1]

---

[1] Mr. Milian also argues the Indiana Department of Correction Policy and Procedures were violated. The Court does not discuss this argument.

In grounds two, three, and four, Mr. Milian argues he was denied a witness and evidence.[2] The State responded to this argument by stating that "there is no indication on the Screening Report that Milian did attempt to request a witness statement or evidence or that any such requests were denied." [Dkt. 11, at pg. 7]. They based this response on the fact he did not check any boxes on the screening report. However, Mr. Milian states the screening officer falsified the screening report by checking the box that he did not wish to call any witnesses and that he did not wish to produce documentary evidence. [Dkt. 1; 11-2]. This presents a dispute of fact. If the State is correct, then Mr. Milian has received due process. If Mr. Milian is correct, then he was denied due process. Evidence may be excluded for reasons of security, but the State has not argued that security concerns prevented Mr. Milian from calling as a witness the offender that was found in possession of the cellular device. Mr. Milian has sworn under penalties of perjury that he requested the witness testimony of the offender found in possession of the cellular phone.

Prison disciplinary boards are entitled to resolve conflicts in stories presented to them, as long as some evidence supports the decision. *Hill*, 472 U.S. 445. However, they are not permitted to prevent the prisoner from offering material evidence. If Mr. Milian is telling the truth, they denied him access to material witness testimony.

"[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional

---

[2] The telephone records show that the calls to the phone number on the cellular phone of the same number that appears on Mr. Milian's telephone call list occurred on August 2, 2015. This number appears on Mr. Milian's telephone call list 22 times between March of 2015 and September of 2015. [Dkt. 11-1, at pp. 2-3]. As such, Mr. Milian's argument that the records would show the number did not appear on his telephone call list is undermined by the evidence. However, this does not resolve the other problems this Court finds with the production of witness testimony on behalf of Mr. Milian.

law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006). The issue for an evidentiary hearing is the factual dispute regarding whether Mr. Milian requested a witness during the screening process. At the hearing, the Court would also have to examine what the testimony would have been and whether it was exculpatory since this question cannot be answered on the record before the Court.

The respondent could obviate the need for a hearing if she vacated the disciplinary proceedings at issue in this action and the corresponding sanctions, and if she chooses set the matter for re-hearing. Otherwise, the Court will set this matter for an evidentiary hearing on the question outlined above and appoint counsel for Mr. Milian. *See Rule 8 of the Rules Governing Section 2254 Cases*. ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The respondent has **through June 22, 2017**, in which to inform the Court how this action should proceed. If a hearing is necessary, the Court will appoint counsel, schedule the hearing, and set discovery deadlines by separate order.

**IT IS SO ORDERED**.

Date: 5/30/2017

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

ANTHONY MILIAN
170293
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only